**WO**                                                                                    SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | No. CR 03-0942-PHX-SMM |
|---|---|---|
| Plaintiff, | ) | No. CV 05-1924-PHX-SMM (MEA) |
| vs. | ) | **ORDER** |
| Carlos Verdugo-Zazueta, | ) | |
| Defendant/Movant. | ) | |

        Carlos Verdugo-Zazueta ("Movant"), presently confined in the Federal Correctional Institution in Lompoc, California, has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (Doc.# 95.)[1]  On June 1, 2006, Movant filed an addendum to his motion.  (Doc.# 97.)  The Court will summarily dismiss the motion as supplemented by the addendum.

**I.    Procedural Background**

        Movant pleaded guilty to one count of conspiracy to possess, with the intent to distribute, 500 grams or more of methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii).  On August 13, 2004, Movant was sentenced to a term of 168 months, to be followed by five years on supervised release.  (Doc.# 86.)  Movant did not file an appeal.

        In his § 2255 motion, Movant alleges that counsel rendered ineffective assistance when he failed to comply with Movant's post-sentencing request to file an appeal that

_____

        [1] "Doc.#" refers to the docket number of documents filed in the criminal case.

challenged a two-level enhancement of his sentence for use of a gun based on <u>Apprendi v.</u> <u>New Jersey</u>, 530 U.S. 466, 488-90 (2000), i.e., because use of gun was neither admitted by Movant in his plea nor found by a jury beyond a reasonable doubt.[2] (Doc.# 95 at 7.)  Movant also alleges that counsel was ineffective because he failed to obtain a waiver of appeal from Movant after Movant instructed him to file a notice of appeal and because counsel failed to challenge the two-level enhancement as not established beyond a reasonable doubt, relying on <u>United States v. Booker</u>, 543 U.S. 220 (2005).  (<u>Id.</u>)  In the addendum, Movant alleges that counsel rendered ineffective assistance by failing to present his plea agreement at sentencing in which he, the Assistant United States Attorney and this Court "stipulate[d] that the Adjusted Offense Level applicable" to the offense would be reduced by three levels and that Movant was not an "Organizer, Leader, manager, or supervisor of the other offense." (Doc.# 97.)

**II.     Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules Governing § 2255 Proceedings for the United States Courts, 28 U.S.C. foll. § 2255.  When this standard is satisfied, neither a hearing nor a response from the government is required.  <u>See</u> <u>Marrow v. United States</u>, 772 F.2d 525, 526 (9th Cir. 1985); <u>Baumann v. United States</u>, 692 F.2d 565, 571 (9th Cir. 1982).  The record shows that Movant plainly is not entitled to relief and that summary dismissal under Rule 4 is warranted.

**III.    Movant is Not Entitled to Relief**

To obtain relief pursuant to § 2255, a movant must establish that his federal constitutional or statutory rights were violated.

/     /     /

---

[2]     <u>Apprendi</u> held that any "fact," other than the fact of a prior conviction, that increases a penalty beyond the statutory maximum must be found by a jury or admitted by the defendant.

1

    **A.    Waiver**

2    Movant waived the right to appeal or seek collateral review of his sentence. "[S]trict

3 standards [apply to find] waiver of constitutional rights," United States v. Gonzalez-Flores,

4 418 F.3d 1093, 1102 (9th Cir. 2005); it is impermissible to presume waiver from a silent

5 record, and the Court must indulge every reasonable presumption against waiver of

6 fundamental constitutional rights, United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir.

7 2004). Movant's waiver was clear, express, and unequivocal.

8    Plea agreements are contractual in nature, and their plain language will generally be

9 enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo,

10 398 F.3d 1149, 1153 (9th Cir. 2005). For example, a waiver of appellate rights is enforceable

11 if the language of the waiver encompasses the right to appeal on the grounds raised and the

12 waiver is knowingly and voluntarily made. Id. A defendant may also waive the statutory

13 right to file a § 2255 motion challenging the length of his sentence. United States v. Pruitt,

14 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.

15 1992). The only claims that cannot be waived are claims that the waiver itself was not

16 voluntary and intelligent or that the waiver was rendered involuntary or unintelligent due to

17 the ineffective assistance of counsel. See Washington v. Lampert, 422 F.3d 864, 869-70 (9th

18 Cir. 2005) ("a plea agreement that waives the right to [seek collateral review] is

19 unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver");

20 Pruitt, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that

21 counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain);

22 Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of

23 ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156

24 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the

25 voluntariness of the waiver).

26    Under the terms of his plea agreement, Movant expressly agreed that "Defendant

27 hereby waives any right to appeal or collaterally attack any matter pertaining to this

28 prosecution and sentence if the sentence imposed is consistent with the terms of this

agreement." (Doc.# 87 at 3.)  The plea agreement expressly provided that Movant's sentence could not exceed 168 months.  (Id. at ¶ 2(a).)  It further provided that Movant had discussed the terms of the agreement with his attorney.  (Id. at 6-7.)  In the factual basis portion of the plea agreement, Movant stated in relevant part that, "I then removed a .45 caliber handgun from the car floor and gave it to [co-defendant] Terrazas-Lopez, who gave it to the [confidential source]."[3]  (Id.)  Movant agreed that he understood that he would have to swear under oath to the accuracy of the facts set forth in the agreement.  (Id.)  Both Movant and his attorney signed the acceptance and approval of the agreement stating they had discussed the terms of the plea agreement and that Movant's decision to enter into the agreement was voluntary.  (Id. at 6-8; see n. 3, supra.)

Prior to acceptance of the plea agreement by the Court, Movant expressly consented to allocution pursuant to Rule 11, Fed.R.Crim.P., before a magistrate judge.  (Docs.# 69, 70.)  On June 4, 2004, Magistrate Judge Virginia Mathis conducted Movant's allocution and issued "Findings and Recommendation of the Magistrate Judge Upon a Plea of Guilty and Order."  (Doc.# 71.)  She found that Movant understood:  (1) the nature of the charge to which the plea was offered; (2) his rights to a jury trial, to persist in a plea of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and against compelled self-incrimination; and (3) the maximum possible sentence, applicability of the sentencing guidelines and the possibility of a departure therefrom under some circumstances.  (Id. at 2.)  She further found that Movant was competent to plead guilty, that his guilty plea was knowingly and voluntarily made and not the result of force, threats or promises apart from those contained in the plea agreement, as well as a factual basis for the plea, and recommended that the Court accept the guilty plea.  (Id.)  She directed that any objections to the Findings and Recommendation be submitted in writing within seven calendar days.  (Id. at 2-3.)  No such objections were submitted.  On July 8, 2004, the Court

---

[3] Movant and his attorney initialed a change to the typed agreement to substitute "the car floor" for "my waistband," which supports that Movant and his attorney discussed terms of the agreement.  (Id. at 5.)

accepted Movant's guilty plea but referred the plea agreement to the Probation Office for a report and recommendation. (Doc.# 73 at 1.) The Probation Office prepared a Presentence Investigation Report in which it recommended a two-level reduction for acceptance of responsibility and an additional one-level reduction for cooperation for an adjusted offense, but a two-level enhancement for Movant's level of involvement in the offense, or guideline range of 210 to 262 months. On August 13, 2004, the Court adopted the Probation Office's recommendation except that it did *not* impose the two-level enhancement for Movant's role as an organizer, leader, manager or supervisor, and sentenced Movant to 168 months. (Docs.# 85-87.)

Movant was sentenced in accordance with the terms of his plea agreement, which he expressly accepted and approved. That is, the Court expressly declined to apply a two-level role enhancement and expressly adopted the three level reduction referenced in the plea agreement, and sentenced Movant to only 168 months. Moreover, Movant was found to be competent and to have voluntarily and knowingly entered into that agreement and he did not object to the Magistrate Judge's finding to that effect. Movant does not challenge his waiver as involuntary or not knowingly made, nor does he allege that the ineffective assistance of counsel rendered it so. Because Movant validly waived the right to direct or collateral review and he does not dispute that he knowingly and voluntarily entered into the plea agreement and waived the right to direct or collateral review, Movant fails to state a claim.[4]

**B.    Constitutionality of Movant's Sentence**

Even if Movant's waiver were not sufficient to preclude relief, Movant's sentence was constitutional and did not exceed the maximum possible, as Movant contends. In the plea agreement, Movant stipulated that "the quantity of **actual** methamphetamine [he] conspired to possess, with the intent to distribute, [was] between 500 and 1,500 grams" and that the

---

[4]  Counsel's failure to file a notice of appeal pursuant to a client's direction or to obtain a waiver from the client does not constitute deficient performance, *per se*, for purposes of an ineffective assistance of counsel claim. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

offense level under the U.S. Sentencing Guidelines should be determined based on that agreed amount. (Doc.# 87 at ¶ 2(b) (emphasis in original).) The United States and Movant also stipulated that Movant was not "an organizer, leader, manager, or supervisor of others in the offense," and that Movant was entitled to a three-level reduction of his adjusted offense level provided that Movant made "a full and complete disclosure to the Probation Office of the circumstances surrounding the commission of the offense, and, if  [he] demonstrate[d] an acceptance of responsibility for this offense by virtue of [his] conduct up to and including the time of sentencing . . . ." (Doc.# 87 at ¶¶ 2(c), (d).)

The maximum possible sentence under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) for the quantity involved was life imprisonment. Movant was sentenced to 168 months, or less than fifteen years. (Id. at ¶ 2(a).) That sentence was consistent with the maximum sentence under the terms of the plea agreement. (Id.) Further, as stated above, the Court declined to impose a two-level enhancement for Movant's role in the offense and it expressly adopted the three-level reduction of the adjusted offense level consistent with the terms of the plea agreement. While Movant appears to argue that  his actual sentence failed to incorporate or apply the provisions of ¶¶ 2(c) and (d) and asserts that counsel rendered ineffective assistance in failing to present the plea agreement at sentencing, it is clear that the Court considered the plea agreement at sentencing and imposed sentence consistent with the terms of the agreement.  Accordingly, Movant's sentence was consistent with the terms of the plea agreement, and counsel did not render ineffective assistance by allegedly failing to present the plea agreement at sentencing.

**C.    Booker Does Not Apply Retroactively**

Movant's assertion that his sentence was enhanced based on facts, other than a prior conviction, that were not established beyond a reasonable doubt or admitted by him as required under Booker also fails to state a claim.  Booker does not apply to cases that were

1   already final for purposes of direct review at the time it was decided.[5]  United States v. Cruz,

2   423 F.3d 1119, 1120 (9th Cir. 2005).  Movant's conviction and sentence became final in

3   August 2004.  See United States v. Schwartz, 274 F.3d 1220, 1223, n.1 (9th Cir. 2001)

4   (federal conviction becomes final no later than ten days from the "entry of judgment or the

5   order being appealed" under Rule 4, Fed.R.App.P.); see also Moshier v. United States, 402

6   F.3d 116, 118 (2d Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th

7   Cir. 2004).  Because Booker does not apply retroactively to cases already final for purposes

8   of direct appeal, Movant fails to state a claim for relief under § 2255.

9                                            **Conclusion**

10          Movant has failed to present any claim that could possibly result in relief.

11   Accordingly, his § 2255 Motion, as supplemented by his addendum, will be dismissed.

12          Accordingly,

13          **IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant

14   to 28 U.S.C. § 2255 (docs.# 95, 97) is **denied** and that the civil action opened in connection

15   with the § 2255 Motion, CV 05-1924-PHX-SMM (MEA), is **dismissed**.

16          DATED this 21st day of June, 2006.

20                        Stephen M. McNamee
                          United States District Judge

27          [5]  Because the Ninth Circuit has held that Booker does not apply retroactively to
     decisions final for purposes of direct review, Movant's arguments to the contrary are not
28   further addressed here.

                                              - 7 -